**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**
**FORT PIERCE DIVISION**

**CASE NO. 26-14147-CIV-CANNON/Maynard**

**ROBIN EARL PAULK,**

Plaintiff,

v.

**LARVA LABS, LLC,**

Defendant.
_________________________________/

**ORDER GRANTING DEFENDANT'S MOTION TO DISMISS AND CLOSING CASE**

**THIS CAUSE** comes before the Court upon Defendant's Motion to Dismiss Plaintiff's Complaint, filed on June 23, 2026 (the "Motion") [ECF No. 36]. The Complaint, initially filed in state court, alleges that in June 2017, Defendant suppressed and/or interfered with the value of several of his Non-Fungible Tokens ("NFTs") [ECF No. 1-1 pp. 6–7].[1] Plaintiff brings two claims based on underlying alleged fraudulent conduct by Defendant: fraudulent concealment (Count I) and unjust enrichment (Count II), and he also seeks a declaratory judgment (Count III) and injunctive relief (Count IV) based on those underlying violations, requesting "a declaration that his 2017 transactions establish priority acquisition" and an injunction preventing "Defendant from continuing to misrepresent the legitimacy of CryptoPunks V1" [ECF No. 1-1]. Now, Defendant moves to dismiss Plaintiff's Complaint pursuant to Federal Rules of Civil Procedure 9(b) and 12(b)(2), (5), and (6) [ECF No. 36]. Defendant's arguments in favor of dismissal are as follows: (1) Plaintiff never effectuated proper service on Defendant; (2) the Court lacks personal

[1] Plaintiff initially obtained a Clerk's Default against Defendant in state court, but after removal and a timely appearance from Defendant, and finding good cause for vacatur, the Court vacated that Default [ECF No. 35]. Defendant thereafter filed the instant Motion [ECF No. 36].

jurisdiction over Defendant; (3) the Complaint does not allege any conduct or activity that occurred after 2017, so the applicable statute of limitations for Plaintiff's four claims expired in 2021; and (4) even absent all those deficiencies, Plaintiff's claims fail to state a claim for relief [ECF No. 36]. Plaintiff failed to timely oppose the Motion.

Following review, it is **ORDERED AND ADJUDGED** as follows:

1. In light of Plaintiff's failure to respond to Defendant's Motion to Dismiss,[2] the Motion is **GRANTED** by default [ECF No. 36]. *See* S.D. Fla. L.R. 7.1(c)(1) ("Failure to [oppose a motion] may be deemed sufficient cause for granting the motion by default."); *Jones v. Bank of Am., N.A.*, 564 F. App'x 432, 434 (11th Cir. 2014) (noting that "when a party fails to respond to an argument or otherwise address a claim, the Court deems such argument or claim abandoned" (alteration adopted) (quotation omitted)).

2. Apart from Defendant's default, the Court has independently reviewed Defendant's arguments in the Motion, agrees that they compel dismissal, and hereby incorporates them herein [ECF No. 36]. Most compelling is Defendant's statute of limitations argument. Again, Plaintiff brings four claims for relief, suing Defendant for fraudulent concealment, unjust enrichment, and for a declaratory judgment and injunctive relief based on those underlying violations [*see* ECF No. 1-1]. As Defendant explains, however, claims for fraud and fraudulent concealment must be commenced within 4 years of the underlying tort, *see* Fla. Stat. § 95.11(3)(i); *see Bearse v. Main St. Investments*, 220 F. Supp. 2d 1338, 1344 (M.D. Fla. 2002), as must claims for unjust enrichment, *Merle Wood & Assocs., Inc. v.*

---

[2] Plaintiff has heretofore been active in this action, submitting various filings post removal [*see, e.g.*, ECF Nos. 15, 16, 17, 18, 19, 26, 26-1, 31, 32, 33]. Plaintiff has also consented to receive Notices of Electronic Filings [ECF No. 25], and Defendant conferred with Plaintiff before filing the Motion [ECF No. 36 p. 19 (certificate of conferral)]. Still, Plaintiff failed to respond to the Motion.

*Trinity Yachts, LLC*, 714 F.3d 1234, 1237 (11th Cir. 2013). Because all of the conduct alleged in Plaintiff's Complaint occurred in 2017, Plaintiff's failure to refute this argument is fatal to his claims. Put differently, because the Complaint pleads no conduct occurring after 2017, the four-year limitations period expired in 2021 at the latest, more than four years before this action was filed on January 20, 2026, and thus Plaintiff's claims cannot be timely [ECF No. 1-1].

3. Plaintiff's Complaint [ECF No. 1-1] is **DISMISSED WITH PREJUDICE**.
4. The Clerk is directed to **CLOSE** this case.

**ORDERED** in Chambers at Fort Pierce, Florida, this 15th day of July 2026.

**AILEEN M. CANNON**
**UNITED STATES DISTRICT JUDGE**

cc: counsel of record